ANDREA H. THOMPSON, OSB No. 084923
andrea.thompson@stoel.com
MEGAN S. BRADFORD, OSB No. 222711
megan.bradford@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380
Facsimile: 503.220.2480

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KATRINA KNIGHT,<br><br>    Plaintiff,<br><br> v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC.,<br><br>    Defendant. | Case No.: 3:22-cv-00721-JR<br><br>**KAISER'S ANSWER AND AFFIRMATIVE DEFENSES** |

In response to plaintiff's Complaint, Defendant Kaiser Foundation Health Plan, Inc. ("Kaiser") admits, denies, and alleges as follows:

**FACTS COMMON TO ALL CLAIMS**

1. In response to paragraph 1, Kaiser admits that plaintiff was hired by Kaiser Foundation Health Plan of the Northwest on or around December 18, 2017. Kaiser lacks sufficient knowledge or information regarding plaintiff's residence and therefore denies the associated allegation. Kaiser denies the remaining allegations in paragraph 1.

Page 1 – KAISER'S ANSWER AND AFFIRMATIVE DEFENSES

2.	In response to paragraph 2, Kaiser admits that it is registered as an Oakland, California business and that it does business in Multnomah County, Oregon.

3.	In response to paragraph 3, Kaiser admits that plaintiff was employed as a Case Manager in the Member Services Department.  Kaiser further admits that prior to the COVID-19 pandemic, plaintiff worked at Kaiser's Portland, Oregon office, and thereafter worked remotely at times.

4.	To the extent that paragraph 4 calls for a legal conclusion, no response is required.  Kaiser lacks sufficient knowledge regarding plaintiff's alleged physical and medical conditions and therefore denies the associated allegations.

5.	In response to paragraph 5, Kaiser admits that plaintiff's job duties included addressing member grievances within prescribed timeframes.  Kaiser denies the remaining allegations in paragraph 5.

6.	In response to paragraph 6, Kaiser admits that plaintiff was approved for a continuous medical leave in or around November to December 2020.  Kaiser further admits that plaintiff's leave paperwork indicated she was requesting leave due to asthma and anxiety.  Kaiser lacks sufficient knowledge regarding the causes or details of plaintiff's alleged medical conditions and therefore denies the associated allegations.  Kaiser denies the remaining allegations in paragraph 6.

7.	Kaiser denies the allegations in paragraph 7.

8.	In response to paragraph 8, Kaiser lacks sufficient knowledge regarding plaintiff's medical conditions or symptoms and therefore denies the associated allegations.  Kaiser denies the remaining allegations in paragraph 8.

9.	Kaiser denies the allegations in paragraph 9.

Page 2 – KAISER'S ANSWER AND AFFIRMATIVE DEFENSES

10. Kaiser denies the allegations in paragraph 10.

11. In response to paragraph 11, Kaiser lacks sufficient knowledge regarding plaintiff's decisions or incentives and therefore denies the associated allegations. Kaiser denies the remaining allegations in paragraph 11.

12. In response to paragraph 12, Kaiser denies that plaintiff is entitled to damages of any kind.

13. In response to paragraph 13, Kaiser lacks sufficient knowledge regarding any treatment plaintiff has received and therefore denies the associated allegations. Kaiser denies the remaining allegations in paragraph 13, including but not limited to that plaintiff is entitled to damages of any kind.

14. In response to paragraph 14, Kaiser admits that on January 28, 2022, plaintiff filed an administrative charge with the Oregon Bureau of Labor and Industries ("BOLI"), which was co-filed with the Equal Employment Opportunities Commission ("EEOC"). Kaiser further admits that BOLI issued its dismissal notice of plaintiff's charge on January 10, 2023, and the EEOC issued its dismissal notice of plaintiff's charge on April 13, 2023.

**FIRST CAUSE OF ACTION**

**VIOLATION OF ORS 659A.112
(DISABILITY DISCRIMINATION)
AGAINST ALL DEFENDANTS**

15. In response to paragraph 15, Kaiser incorporates and re-alleges its responses in paragraphs 1 through 14 above.

16. Paragraph 16 is a legal conclusion to which no response is required. To the extent a response is deemed required, Kaiser denies the allegations.

17. Kaiser denies the allegations in paragraph 17.

Page 3 – KAISER'S ANSWER AND AFFIRMATIVE DEFENSES

119585458.4 0056250-00207

18. Kaiser denies the allegations in paragraph 18.

19. Kaiser denies the allegations in paragraph 19.

20. Kaiser denies the allegations in paragraph 20.

## SECOND CAUSE OF ACTION

### VIOLATION OF ORS 659A.112
### (FAILURE TO ENGAGE IN INTERACTIVE PROCESS)
### AGAINST ALL DEFENDANTS

21. In response to paragraph 21, Kaiser incorporates and re-alleges its responses in paragraphs 1 through 20 above.

22. Paragraph 22 is a legal conclusion to which no response is required. To the extent a response is deemed required, Kaiser denies the allegations.

23. Kaiser denies the allegations in paragraph 23.

24. Kaiser denies the allegations in paragraph 24.

25. Kaiser denies the allegations in paragraph 25.

26. Kaiser denies the allegations in paragraph 26.

## THIRD CAUSE OF ACTION

### VIOLATION OF ORS 659A.112
### (FAILURE TO REASONABLY ACCOMMODATE DISABILITY)
### AGAINST ALL DEFENDANTS

27. In response to paragraph 27, Kaiser incorporates and re-alleges its responses in paragraphs 1 through 26 above.

28. Paragraph 28 is a legal conclusion to which no response is required. To the extent a response is deemed required, Kaiser denies the allegations.

29. Kaiser denies the allegations in paragraph 29.

30. Kaiser denies the allegations in paragraph 30.

31. Kaiser denies the allegations in paragraph 31.

32. Kaiser denies the allegations in paragraph 32.

## FOURTH CAUSE OF ACTION

### VIOLATION OF ORS 659A.109
### (RETALIATION FOR REQUESTING DISABILITY ACCOMMODATIONS)
### AGAINST ALL DEFENDANTS

33. In response to paragraph 33, Kaiser incorporates and re-alleges its responses in paragraphs 1 through 32 above.

34. Paragraph 34 is a legal conclusion to which no response is required. To the extent a response is deemed required, Kaiser denies the allegations.

35. Kaiser denies the allegations in paragraph 35.

36. Kaiser denies the allegations in paragraph 36.

37. Kaiser denies the allegations in paragraph 37.

38. Kaiser denies the allegations in paragraph 38.

## FIFTH CAUSE OF ACTION

### VIOLATION OF 42 U.S.C. § 12111
### (DISABILITY DISCRIMINATION)
### AGAINST ALL DEFENDANTS

39. In response to paragraph 39, Kaiser incorporates and re-alleges its responses in paragraphs 1 through 38 above.

40. Paragraph 40 is a legal conclusion to which no response is required. To the extent a response is deemed required, Kaiser denies the allegations.

41. Kaiser denies the allegations in paragraph 41.

42. Kaiser denies the allegations in paragraph 42.

43. Kaiser denies the allegations in paragraph 43.

44. Kaiser denies the allegations in paragraph 44.

## SIXTH CAUSE OF ACTION

### VIOLATION OF 42 U.S.C. § 12111
### (FAILURE TO ENGAGE IN INTERACTIVE PROCESS)
### AGAINST ALL DEFENDANTS

45. In response to paragraph 45, Kaiser incorporates and re-alleges its responses in paragraphs 1 through 44 above.

46. Paragraph 46 is a legal conclusion to which no response is required. To the extent a response is deemed required, Kaiser denies the allegations.

47. Kaiser denies the allegations in paragraph 47.

48. Kaiser denies the allegations in paragraph 48.

49. Kaiser denies the allegations in paragraph 49.

50. Kaiser denies the allegations in paragraph 50.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF 42 U.S.C. § 12111
### (FAILURE TO REASONABLY ACCOMMODATE DISABILITY)
### AGAINST ALL DEFENDANTS

51. In response to paragraph 51, Kaiser incorporates and re-alleges its responses in paragraphs 1 through 50 above.

52. Paragraph 52 is a legal conclusion to which no response is required. To the extent a response is deemed required, Kaiser denies the allegations.

53. Kaiser denies the allegations in paragraph 53.

54. Kaiser denies the allegations in paragraph 54.

55. Kaiser denies the allegations in paragraph 55.

56. Kaiser denies the allegations in paragraph 56.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF 42 U.S.C. § 12111
### (RETALIATION)
### AGAINST ALL DEFENDANTS

57. In response to paragraph 57, Kaiser incorporates and re-alleges its responses in paragraphs 1 through 56 above.

58. Paragraph 58 is a legal conclusion to which no response is required. To the extent a response is deemed required, Kaiser denies the allegations.

59. Kaiser denies the allegations in paragraph 59.

60. Kaiser denies the allegations in paragraph 60.

61. Kaiser denies the allegations in paragraph 61.

## NINTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (CONSTRUCTIVE DISCHARGE)
### AGAINST ALL DEFENDANTS

62. In response to paragraph 62, Kaiser incorporates and re-alleges its responses in paragraphs 1 through 61 above.

63. Kaiser denies the allegations in paragraph 63.

64. Kaiser denies the allegations in paragraph 64.

65. Kaiser denies the allegations in paragraph 65.

Except as expressly stated above, Kaiser denies each and every allegation in plaintiff's Complaint and the whole thereof.

## **AFFIRMATIVE DEFENSES**

Without assuming plaintiff's burden of proof as to any claim or issue, Kaiser asserts the following Affirmative Defenses, incorporating and re-alleging responses above, and specifically

reserves its right to amend this Answer and raise additional Affirmative Defenses as the case proceeds:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. Plaintiff's Complaint fails to state ultimate facts sufficient to state a claim upon which relief can be granted, in whole or in part.

## SECOND AFFIRMATIVE DEFENSE

### (Good Faith Efforts; Not Willful)

2. Any alleged damages, including punitive damages, are inappropriate or barred because Kaiser made good faith efforts to comply with applicable law.

## THIRD AFFIRMATIVE DEFENSE

### (Legitimate, Non-Discriminatory Reason)

3. The decisions made and actions taken of which plaintiff complains were based solely on legitimate, non-discriminatory, and non-retaliatory business considerations.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

4. Plaintiff has failed to mitigate her alleged damages, if any, in whole or in part. Alternatively, any claim for relief must be set off and/or reduced by wages, compensation, pay and benefits, or other earnings, remunerations, profits, and benefits received by plaintiff.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

### FIFTH AFFIRMATIVE DEFENSE

### (Reasonable Care/Failure to Report)

5.  Kaiser exercised reasonable care to prevent unlawful discrimination or retaliation in the workplace. Plaintiff unreasonably failed to take advantage of corrective opportunities provided.

### SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

6.  Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

### SEVENTH AFFIRMATIVE DEFENSE

### (Adequate Statutory Remedies)

7.  Plaintiff's claim for wrongful discharge is barred as plaintiff has adequate statutory remedies.

### EIGHTH AFFIRMATIVE DEFENSE

### (Interactive Process)

8.  Plaintiff failed to engage in good faith in the interactive process with Kaiser regarding her alleged request for accommodations of a disability in the workplace.

### NINTH AFFIRMATIVE DEFENSE

### (Not a Qualified Individual with a Disability)

9.  Plaintiff is not a qualified individual with a disability under the applicable statutory definitions.

### PRAYER FOR RELIEF

WHEREFORE, Kaiser prays for judgment as follows:

(a)  Dismissing all of plaintiff's claims with prejudice;

(b) Awarding Kaiser prevailing party fees and its costs, disbursements, and attorney fees in defending this action; and

(c) For such other relief as deemed just and equitable.

DATED: May 23, 2023                    STOEL RIVES LLP

                                       s/ *Megan S. Bradford*
                                       ANDREA H. THOMPSON, OSB No. 084923
                                       andrea.thompson@stoel.com
                                       MEGAN S. BRADFORD, OSB No. 222711
                                       megan.bradford@stoel.com

                                       Attorneys for Defendant